## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

WILLIAM HENRY HARRIS, JR.,    )
    )
    Plaintiff,    )
    )
vs.    )   Case No. 4:11-cv-01646-WMA-MHH
    )
REGINALD RAMBO, et al.,    )
    )
    Defendants.    )

## ORDER

The magistrate judge filed her report and recommendation in this matter on August 21, 2013.  (Doc. 69).  In that report, she recommended that the District Court grant the defendants' motion for summary judgment as to the following claims: (1) plaintiff's claims against the defendants in their official capacities for monetary relief; (2) plaintiff's claims for injunctive relief; (3) plaintiff's Eighth Amendment failure to protect claims against defendants King and Nath; (4) plaintiff's conspiracy claims against defendants Rambo, Gadson, King, and Nath; (5) plaintiff's retaliation claims against (a) defendant Rambo concerning the January 30, 2011 inmate attack; (b) defendant Gadson concerning the February 17 and March 2, 2011 incidents of excessive force; and (c) defendants Rambo and Gadson for allegedly spitting in plaintiff's food; and (6) plaintiff's supervisory claims against defendants Hetzel,

Hicks, Felton, and Wheat.  She also recommended that the Court deny the defen-

dants's motion for summary judgment with respect to the following claims: (1)

plaintiff's excessive force claims against defendants Rambo and Gadson; and (2)

plaintiff's retaliation claims against defendant Rambo concerning the February 17 and

March 2, 2011 incidents of excessive force.  *Id*.

On September 4, 2013, defendants filed objections to the Report and

Recommendation. (Doc. 70).  On August 27, 2013 and September 9, 2013, plaintiff

filed objections.  (Docs. 71, p. 10; Doc. 72, p. 5).[1]  For the reasons stated below, the

Court overrules the objections and adopts the report and recommendation.

A.    **Defendants' Objections.**

Defendants Rambo and Gadson object to the magistrate judge's finding that

conflicting evidence precludes summary judgment on Mr. Harris's excessive force

claims.  They contend that they used only the amount of force necessary on February

17, 2011.  According to Gadson and Rambo, Mr. Harris's "outlandish[ ]" allegations

that the officers repeatedly punched and kicked him, grabbed his throat, and struck

him with a baton, among other things, are not supported by the medical evidence.

---

[1]  Pursuant to the prison mailbox rule, the Court deems Mr. Harris's objections filed on the
day that he signed the "Certificate of Service" on the each of the two sets of objections.  *See Adams
v. U.S.*, 173 F. 3d 1339, 1341 (11th Cir. 1999); *Ellis v. Hooks*, 219 Fed. Appx. 865, 867 (11th Cir.
2007).  The Clerk of Court docketed Mr. Harris's first set of objections on September 6, 2013.  The
Clerk docketed his second set of objections on September 11, 2013.

(Doc. 70, p. 3).   Gadson and Rambo also argue that Mr. Harris suffered no injury with regard to the alleged use of force on March 2, 2011.   (Doc. 70, pp. 3-4). Defendants state that because Mr. Harris's excessive force claims are without merit, his retaliation claim against defendant Rambo necessarily fails as well.

As the magistrate judge discussed in her report, the record, viewed in the light most favorable to Mr. Harris, indicates that on February 17, 2011, defendant Rambo entered Mr. Harris's cell, punched him in the face, grabbed his throat, and sprayed Mr. Harris with pepper spray while attempting to push the nozzle in his mouth. Rambo and Gadson punched Mr. Harris, struck him with a baton, elbowed him in the rib cage, stomped on him, and slapped him numerous times.  Mr. Harris allegedly lost consciousness but was awakened by a blow to the left side of his head.  Other details concerning the February 17, 2011 confrontation appear in the report and recommendation.  According to Mr. Harris, on March 2, 2011, defendant Rambo slapped him while he was handcuffed, and defendant Gadson and two unknown officers beat him. (Doc. 69, p. 28).

Clearly, the differences between the plaintiff's version of his encounters with Officers Rambo and Gadson, and the defendants' account of those events are substantial.  Those differences constitute genuine issues of material fact that preclude

summary judgment on Mr. Harris's Eighth Amendment excessive force claims against Rambo and Gadson.

Defendants argue that because medical records indicate that Mr. Harris sustained only a small 1/4 inch abrasion inside of his ear after the February 17, 2011 incident, and he suffered no appreciable injuries as a result of the March 2, 2011 incident, the Court should dismiss his claims. The United States Supreme Court has reiterated that the Eighth Amendment prohibits prison officials' malicious and sadistic acts whether or not injury results. *See Wilkins v. Gaddy*, 559 U.S. 34, 37-38 (2010). "An inmate who is gratuitously beaten by guards does not lose his ability to pursue an excessive force claim merely because he has the good fortune to escape without serious injury." *Id.* at 38.

On the record in this case, reasonable jurors could find that Rambo's and Gadson's use of force was wanton and unnecessary. Therefore, those defendants are not entitled to summary judgment on Mr. Harris's Eighth Amendment excessive force claim.

Similarly, a question of fact exists concerning Officer Rambo's alleged use of excessive force against Mr. Harris in retaliation for filing a lawsuit against another correctional officer. Although the defendants contend that Mr. Harris's allegation that defendant Rambo referred to the lawsuit while he allegedly beat Mr. Harris is

"self serving" (Doc. 70, p. 6), it is sufficient to overcome Officer Rambo's summary

judgment motion on Mr. Harris's retaliation claim.

## B.      Plaintiff's Objections.

Mr. Harris objects to the magistrate judge's recommendation that the Court

grant the defendants' motion for summary judgment as to his Eighth Amendment

failure to protect claims against defendants King and Nath. (Doc. 71, pp. 1-2).  In his

objections, Mr. Harris continues to offer only conclusory and speculative allegations

that defendants Nath and King should have witnessed the alleged assault on February

17, 2011 from where they were located.  Mr. Harris does not suggest that he has

personal knowledge that Nath and King observed the alleged beating, and he has not

offered admissible evidence from an eyewitness concerning Nath's and King's

vantage points at the time of the beating.[2]  Consequently, those defendants are entitled

to summary judgment.

Mr. Harris also objects to the recommended dismissal of his retaliation claim

against defendant Rambo concerning the January 30, 2011 inmate attack.  (Doc. 71,

pp. 1, 3-4).

---

[2]     Mr. Harris submitted a statement from Inmate Sah'King Burke in which Mr. Burke
reported that Officers Nath and King watched as Officers Rambo and Gadson assaulted Mr. Harris.
(Doc. 1, pp. 29-30).  Because Mr. Burke's statement is neither sworn nor made under penalty of
perjury, the Court has not considered it.  *See Gordon v. Watson*, 622 F.2d 120, 123 (5th Cir. 1980);
*Nicholson v. Georgia Dep't of Human Resources*, 918 F.2d 145, 148 n.1 (11th Cir. 1990).

Mr. Harris maintains that Officer Rambo released inmate Curtis Lindsey to attack him.  Again, Mr. Harris has no personal knowledge that defendant Rambo released Lindsey.  Therefore, he cannot dispute Officers Martin's and Oden's affidavit testimony that they released inmate Lindsay from his cell.  There is no evidence to substantiate Mr. Harris's claim that Officer Rambo instigated Mr. Lindsey's attack on Mr. Harris.  Mr. Harris offers only his conclusory allegations that Officer Rambo facilitated the assault.  That is not enough to overcome the defendants' summary judgment motion.

Lastly, Mr. Harris objects to the magistrate judge's recommendation that the Court grant the defendants' motion for summary judgment concerning his supervisory claims against defendants Hetzel, Hicks, Felton, and Wheat.  Mr. Harris argues that because he threatened to stab defendant Rambo on February 16, 2011, supervisors should have separated him from Rambo pursuant to DOC policy.  There is no evidence in the record that prison officials knew defendant Rambo was going to attack Mr. Harris or that there was a strong likelihood, as opposed to a possibility, that Rambo would subject Mr. Harris to serious harm because Mr. Harris threatened Rambo.  Without evidence of notice, Mr. Harris cannot maintain his supervisory claim.  (Doc. 69, pp. 1, 4-10).

Moreover, the mere fact that prison officials did not separate Mr. Harris from defendant Rambo pursuant to an alleged DOC policy does not, by itself, give rise to a constitutional claim. *See United States v. Caceres*, 440 U.S. 741 (1979); *Caruth v. Pinkney*, 683 F.2d 1044 (7th Cir. 1982). To the extent that Mr. Harris claims that prison officials were negligent in failing to separate him from defendant Rambo, mere negligence will not support a constitutional claim. *See Fielder v. Brossard*, 590 F.2d 105 (5th Cir. 1979).

Having carefully reviewed and considered *de novo* all the materials in the Court file, including the report and recommendation and the objections filed by the plaintiff and the defendants, the Court is of the opinion that the magistrate judge's report is due to be and is hereby ADOPTED, and the magistrate judge's recommendation is ACCEPTED.

The Court GRANTS the defendants' motion for summary judgment on the following claims: (1) plaintiff's claims against defendants in their official capacities for monetary relief; (2) plaintiff's claims for injunctive relief; (3) plaintiff's Eighth Amendment failure to protect claims against defendants King and Nath; (4) plaintiff's conspiracy claims against defendants Rambo, Gadson, King, and Nath; (5) plaintiff's retaliation claims against (a) defendant Rambo concerning the January 30, 2011 inmate attack; (b) defendant Gadson concerning the February 17 and March 2, 2011

incidents of excessive force; and (c) defendants Rambo and Gadson for allegedly spitting in plaintiff's food; and (6) plaintiff's supervisory claims against defendants Hetzel, Hicks, Felton, and Wheat.  Because defendants are entitled to judgment as a matter of law, these claims are DISMISSED WITH PREJUDICE.

The Court DENIES the defendants' motion for summary judgment as to plaintiff's excessive force claims against defendants Rambo and Gadson and plaintiff's retaliation claims against defendant Rambo concerning the February 17, 2011 and March 2, 2011 incidents of alleged excessive force.

Defendants Rambo and Gadson are hereby ORDERED to file an answer within twenty (20) days of the entry date of this order.  This case is REMANDED to the magistrate judge for further proceedings consistent with this order.

DATED this 24th day of September, 2013.

WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE